UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAMAREE GRAHAM<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CITY OF NEW YORK; NEW YORK POLICE DEPARTMENT; POLICE OFFICERS J. LINDQUIST, SHAWN A. ROMERO, JOSE FERNANDEZ, SGT. O'BRIEN (BADGE #3060), JOHN and JANE DOES 1-3, Individually and in their official capacities as a Police Officers with the New York Police Department<br><br>    Defendants. | Index No. _____<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff SHAMAREE GRAHAM, by and through his attorneys, The Aboushi Law Firm, PLLC, as and for his Complaint, alleges the following:

**JURISDICTION AND VENUE**

1.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).  This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

2.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as at least one of the Defendants resides in this district and a substantial part of the events and/or omissions were committed in this district.

3.     Plaintiff asserts the following claims pursuant to the United States Constitution, New York Constitution, Section 42 U.S.C.§ 1983, New York State law, as well as common law.

4.     Plaintiff served a complete and timely notice of claim.

5.     Plaintiff appeared as a GML Section 50-H hearing.

6.     Plaintiff complied with all requirements of GML 50.

7.     Plaintiff satisfied all conditions required to file this claim.

## PARTIES

8. Plaintiff SHAMAREE GRAHAM is a resident of the City of New York, Bronx County, and State of New York.

9. The City of New York is a municipal corporation and a public employer of a Defendant Officers as well as a number of unidentified defendant police officers who are employed by the City of New York and/or New York Police Department.

10. The New York Police Department ("NYPD") is and was, at all times relevant to this matter, a division and/or department of the City of New York entrusted with, among other things, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of people and property within the jurisdictional limits of the City of New York.

11. Upon information and belief, Defendant Police Officer J. LINDQUIST ("Officer Lindquist") at all times relevant to this complaint, was a duly appointed Police Officer with New York Police Department acting under color of law.  Defendant Officer Lindquist is being sued individually and in his official capacity as a police officer.

12. Upon information and belief, Defendant Police Officer SHAWN A. ROMERO ("Officer Romero") at all times relevant to this complaint, was a duly appointed Police Officer with New York Police Department acting under color of law.  Defendant Officer Romero is being sued individually and in his official capacity as a police officer.

13. Upon information and belief, Defendant Police Officer JOSE FERNANDEZ ("Officer Fernandez") at all times relevant to this complaint, was a duly appointed Police Officer with New York Police Department acting under color of law.  Defendant Officer Fernandez is being sued individually and in his official capacity as a police officer.

14. Upon information and belief, Defendant SGT. O'BRIEN (Badge #3060) ("Sgt. O'Brien") at all times relevant to this complaint, was a duly appointed Police Officer with New York Police Department acting under color of law.  Defendant O'Brien is being sued individually and in his official capacity as a police officer.

15. Defendants John and Jane Does 1-3 are presently unknown police officers, employees, agents and/or representatives of the City of New York and/or NYPD whose unlawful actions are described, referenced and/or set forth herein, but whose identities are yet known at this time.  All are being sued individually and in their official capacities.

16. At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

17. At all relevant times, the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## **FACTS**

18. On January 12, 2021 at about 9:00 p.m., Plaintiff Shamaree Graham was lawfully driving on 190th Street in the Bronx, between Morris Avenue and Creston Avenue.

19. Plaintiff was unlawfully stopped by NYPD Police Officer Pom J. Lindquist.

20. Defendant officers used unlawful force upon him, used their police vehicle to cut in front of Plaintiff with, and struck Plaintiff's vehicle, forcing Plaintiff to slam on his breaks.

21. Defendant Lindquist did not give Plaintiff any notice whatsoever, including but not limited to, not honking his horn, flashing his police lights, or using his speaker to address Plaintiff.

22. This tactic of cutting in front of Plaintiff's moving vehicle with no notice was an excessive use of force, and Plaintiff was assaulted and battered as a result of Defendant Lindquist's unlawful stop with no probable cause.

23. Upon information and belief, the unlawful stop and excessive force used by Defendant Lindquist was a result of racial profiling.

24. There was no legitimate purpose to stop Plaintiff, and upon information and belief, Defendants stopped plaintiff solely because he was a black man.

25. Defendant Romero and Defendant Fernandez assisted Defendant Lindquist in falsely detaining and unlawfully searching Plaintiff Graham's vehicle and person without consent or a legal basis to do so.

26. Plaintiff was released from the scene without any summonses or charges.

27. Thereafter, Plaintiff went to the precinct to complain about the unlawful conduct of the Defendant officers in striking his vehicle and unlawfully searching him.

28. At the precinct, Plaintiff was confronted by Defendant Sgt. O'Brien, who alleged that Defendant Officers Lindquist, Romero and Fernandez were justified in stopping Plaintiff and issuing multiple summonses.

29. Upon information and belief, in retaliation for complaining about the unlawful actions of the Defendant Officers, the Defendant Officers manufactured several summonses and traffic violations after the fact and served the same upon him when he arrived at the precinct.

30. The Defendant officers manufactured several summonses and traffic violations after the fact and issued them to the Plaintiff. These summonses and traffic violations were fabricated solely to cover up the unlawful activity of the Defendants.

31. This included issuing a summons for allegedly having a cutting tool, despite the fact that possession of same is not illegal and that Plaintiff showed proof that such a tool is used for his job as a FDNY Firefighter.

32. After finding no unlawful items in Plaintiff Graham's car, each of the named Defendants collaborated to issue false summonses to cover up their misdeeds designed to maliciously prosecute Plaintiff.

33. The false charges issued against Plaintiff by the Defendant Officers were dismissed.

34. Plaintiff filed a timely notice of claim and has met all the requirements to assert his State law claims.

## CAUSES OF ACTION
### FIRST COUNT
### Excessive Force
### Federal, State, and Common law

35. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. During the course of the arrest and detention of Plaintiff, Defendants intentionally and/or recklessly used unreasonable and/or excessive force on Plaintiff, thereby depriving him of his right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

37. Under the totality of the circumstances the Defendants' actions were not objectively reasonable, given that Defendants forcibly rammed their police car into Plaintiff's car without warning or provocation.

38. Defendants did not seek to pull Plaintiff over – Defendants did not flash their police car lights, they did not turn on their sirens, and they did not use their speaker to communicate to Plaintiff.

39. The deliberate striking of Plaintiff by the Defendants and using their police vehicle as a weapon constituted unlawful and excessive force.

40. The conduct of the Defendants occurred while they were acting under color of law and in their official capacities as members of the NYPD.

41. All the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or cause harm to the Plaintiff.  Defendants are, therefore, liable to Plaintiff for punitive and compensatory damages.

42. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff suffered physical and mental anguish, injury and monetary loss and damage all to his great detriment.

## SECOND COUNT
### Illegal Search and Seizure
### Federal and State Law

43. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. Defendants, without any warrant or justification, wholly lacking in any cause whatsoever, probable or otherwise, illegally and improperly searched and seized Plaintiff's vehicle and person.

45. Defendants had no legal basis to search and seize Plaintiff and did so maliciously.

46. These actions were undertaken in violation of the Fourth Amendment's proscription of unreasonable searches and seizures.

47. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person,

reputation, standing and integrity of Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive damages.

48. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff suffered physical and mental anguish, injury and monetary loss and damage all to his great detriment.

### THIRD COUNT
### Malicious Prosecution
### Federal and State Law

49. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50. As a result of the false charges filed against Plaintiff, he was compelled to retain the services of an attorney(s) to represent and defend him.

51. There was no reasonable basis or probable cause for the charges filed and/or prosecution of Plaintiff by Defendants and Defendants knew or should have known this to be the case.

52. The summonses issued against Plaintiff was initiated by the Defendants, was actuated by malice, and was wholly lacking in probable cause.

53. The unlawful actions taken by the Defendants in issuing false summonses, without justification, and lacking in cause, probable or otherwise, deprived Plaintiff of due process, liberty, and property in contravention of the Fourteenth Amendment of the U.S. Constitution.

54. As a direct and proximate result of Defendants' acts and/or omissions and their willful, intentional, false, malicious, or grossly negligent actions, Plaintiff suffered

severe damage to his reputation and standing in the community, has suffered severe physical and emotional injury and harm and was forced to undergo the strain, tumult and cost of defending himself against false charges

55. The charges filed against Plaintiff by the Defendant officers were dismissed and resolved in Plaintiff's favor.

## FOURTH COUNT
### False Arrest & False Imprisonment
### Federal and State Law

56. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. At all relevant times, all individual defendants, known and presently unknown, were the agents, servants and/or employees of the Defendants City of New York and/or NYPD and were, at all times, acting in their official capacity as law enforcement officers.

58. Plaintiff was detained, arrested and/or imprisoned despite a lack of probable cause and/or other satisfactory legal justification or support.

59. Defendants intentionally, wrongfully, unlawfully, maliciously and without lawful justification or cause, probable or otherwise, arrested, detained, confined and/or caused the confinement of Plaintiff.

60. By reason and/or as a result of the Defendants' acts and/or omissions, Plaintiff was deprived of his liberty, caused physical and emotional injury, anguish, and embarrassment, and was otherwise injured and/or harmed.

## FIFTH COUNT
### Assault and Battery

9

Case 1:21-cv-10655-JPO   Document 1   Filed 12/13/21   Page 10 of 14

61. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. Defendants intentionally and unlawfully touched Plaintiff and his car without permission and/or legitimate justification or cause.

63. Defendants forced Plaintiff off of the road by using their car to ram Plaintiff's car without permission, legitimate justification, cause or any warning.

64. Thereafter, Defendants further touched Plaintiff by searching his person without permission or legitimate justification.

65. Defendants engaged in unlawful and unprivileged physical contact with the Plaintiff.

66. Defendants' aggressive and unlawful conduct placed Plaintiff in fear and apprehension for his safety.

67. Plaintiff suffered injury, harm, damage and loss as a result of said improper contact.

68. Said contact was made with malicious wanton disregard for Plaintiff's rights and sensitivities and with an intent or foreseeability of harmful consequence.

## SIXTH COUNT
**Failure to Intervene**

69. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70. Each of the Defendant officers knowingly engaged in the use of excessive force and subjected Plaintiff to an unlawful search and seizure and wholly false charges in stark violation of his Constitutional rights.

10

71. While each Defendant officer was engaged in such illicit conduct the others failed to intervene to prevent such violations.

72. Each of the Defendants had an opportunity to intervene and stop the illicit conduct and choice not to.

73. By way of example, the Defendants should have first intervened when Plaintiff was forced off of the road; the Defendants again should have intervened when Plaintiff was falsely arrested; and the Defendants again should have intervened when Officer Lindquist knowingly issued false summonses.

74. Rather than intervene as the law mandates, the Defendant officers did nothing and allowed their illegal conduct to be shielded by Officer Lindquist's false charges.

### SEVENTH COUNT
### Municipal Liability
### Monell, Negligent Hiring, Supervision, and Retention-Failure to Supervise and Monitor

75. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76. At all relevant times, Defendants, City of New York and/or NYPD, employed the individual defendants and the individual defendants were acting as agents, servants and/or employees of same.

77. These entities failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the unlawful use of force,

assault, battery, search and seizure, racial profiling, and the collective violation of the Plaintiff's rights.

78. These entities acted under color of law pursuant to an official policy or custom and practice and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing unconstitutional activity upon Plaintiff in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New York.

79. These entities had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

80. Indeed, the Defendant municipality failed to properly supervise its officers so as to prevent such a blatant violation of Plaintiff's well-established rights.

81. This includes the unlawful racial profiling of Plaintiff, the writing of false charges against him, and the unlawful use of a police vehicle as a weapon against Plaintiff.

## EIGHTH COUNT
**Respondent Superior**

82. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

83. Where applicable under the relevant case law and as to be determined, certain of the aforementioned acts and/or omissions of the employees of the City of New York may result in liability under the doctrine of Respondent Superior.

84. As a result, the Municipality bears responsibility for the acts and/or omissions of its employees and agents where properly cognizable under the relevant laws and statutes.

## NINTH COUNT
### Negligence

85. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

86. Defendants, as sworn members of law enforcement, had a duty to protect Plaintiff from the injury and owed him a duty of care.

87. Defendants knew that there was no justifiable reason to force Plaintiff off of the road and strike his vehicle, and that doing so could cause great harm to Plaintiff.

88. Defendants breached their duty by negligently using force upon Plaintiff, proximately causing him physical and emotional harm, as well as substantial damage to his vehicle.

89. Defendants' actions, as more fully described herein, were negligent.

90. Defendants' failure to perform that duty is the proximate cause of Plaintiff's injury and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages to the extent permitted by law against the individual named and presently unknown individual defendants;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

  (i) An order from this Court enjoining the NYPD from continuing its pattern and practice of violating citizens' civil rights;

  (ii) placement of the NYPD in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise their officers.

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

Dated: December 13, 2021

                                                              Respectfully submitted,
                                                             The Aboushi Law Firm PLLC
                                        By:    s/ Aymen Aboushi
                                                             Aymen A. Aboushi, Esq.
                                                             1441 Broadway, 5th Floor
                                                             New York, NY 10018
                                                            Tel. (212) 391-8500
                                                            Fax (212) 391-8508
                                                            Email: Aymen@aboushi.com